UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PAUL A. BILZERIAN, et al., ) <br> ) <br> Defendants. ) <br> _____) <br> DEBORAH R. MESHULAM AS RECEIVER ) <br> FOR THE SEC v. PAUL A. BILZERIAN, et al. ) <br> CIVIL ACTION NO. 89-1854 (SSH) ) <br> RECEIVERSHIP ESTATE ) <br> ) <br> Receiver-Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ERNEST B. HAIRE, III, ) <br> ) <br> Defendant. ) <br> _____) <br> ERNEST B. HAIRE, III ) <br> ) <br> Plaintiff/Judgment Creditor ) <br> v. ) <br> OVERSEAS HOLDING LIMITED ) <br> PARTNERSHIP, a Nevada Limited Partnership ) <br> Defendant/Judgment Debtor ) <br> _____) | Civil Action No. 89-1854 (RCL) <br><br><br><br> Civil Action No. 02-1221 (RCL) <br><br><br><br> Case No. 1:06-MS-00396 |

### RECEIVER'S RESPONSE TO INTERROGATORIES

Deborah R. Meshulam as Receiver for the SEC v. Paul A. Bilzerian Receivership Estate, by her attorneys, hereby submits the following responses to interrogatories.



EXHIBIT A

**Interrogatory No. 1:**

Were you at the time of the service of the writ of attachment, or have you been between the time of such service and the filing of your answers to this interrogatory indebted to the defendant(s), and, if so, how, and in what amount?

**Response to Interrogatory No. 1**

In or about July 2000, Mr. Ernest B. Haire, III executed a Promissory Note (the "Note") in favor of Overseas Holdings Limited Partnership ("OHLP") and a related pledge agreement and assignment, pledging or assigning certain capital stock and Senior Notes of Cimetrix, Inc., respectively, as collateral to the Note (the "Collateral"). As part of a settlement between the Receivership Estate and, among other persons and entities, OHLP, which was approved by the United States District Court for the District of Columbia in Case No. 890-1854 (RCL) (the "Receivership Court"), OHLP assigned the Note and related pledge agreement and assignment to the Receivership Estate in December 2001, pursuant to an Assignment without Recourse of Note, Stock Pledge Agreement and Assignment Separate from Certificate (the "OHLP Assignment"). Pursuant to Section 4(d) of the OHLP Assignment, OHLP was granted a contractual right to receive from the Receivership Estate an amount equal to 30% of the net proceeds realized on the Note by the Receivership Estate. OHLP was also granted a contractual right to "opt out" of any litigation commenced by the Receiver as a result of Mr. Haire's default and, to receive, after payment of the Receiver's reasonable attorneys' fees and costs, all amounts due to it up to the amount of $300,000 (the "OHLP Share") plus accrued interest. OHLP exercised its right to "opt out" of the litigation commenced by the Receiver by letter dated January 16, 2003. Pursuant to the Receivership Court's Order Approving Settlement in Case Nos. 89-1854 and 02-1221 dated August 17, 2006 (which is attached hereto and incorporated herein), and for the purposes of those Orders only, the Receivership Court determined the credit

in favor of OHLP to be $300,000 plus $124,372.43 in accrued interest as of June 30, 2006, which interest continues to accrue at a rate of $98.63 per day from July 1, 2006 until satisfaction of the OHLP Share.

**Interrogatory No. 2:**

Had you at the time of the service of the writ of attachment, or have you had between the time of such service and the filing of your answer to this interrogatory, any goods, chattels, or credits of the defendant(s) in your possession or charge, and if so, what?

**Response to Interrogatory No. 2:**

No.

Dated: August 30, 2006

*Deborah R. Meshulam*
Deborah R. Meshulam
Receiver, SEC v. Paul A. Bilzerian
Receivership Estate

3

Copies to:
Kevin R. McCarthy
McCarthy & White, PLLC
8180 Greensboro Drive, Ste. 875
McLean, VA  22102

Overseas Holding Limited Partnership
A Nevada Limited Partnership
c/o H. Stratton Smith, III, Esq.
611 W. Azelle Street
Tampa, FL  33606-2205

Overseas Holding Limited Partnership
A Nevada Limited Partnership
c/o Budget Corp., Registered Agent
2050 Russet Way
Carson City, NV  89703

Overseas Holding Limited Partnership
A Nevada Limited Partnership
c/o Terri Steffen, President
16229 Villarreal De Avila
Tampa, FL  33613

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> PAUL A. BILZERIAN, <br><br> Defendant. | Civil Action No. 89-1854 (RCL) |
| DEBORAH R. MESHULUM as Reciever for the SEC V. BILZERIAN, *et. al.* CIVIL ACTION NO. 89-1854 (SSH) RECEIVERSHIP ESTATE <br><br> Reciever-Plaintiff, <br><br> v. <br><br> ERNEST B. HAIRE, III <br><br> Defendant. | Civil Action No. 02-1221 (RCL) |

## ORDER APPROVING SETTLEMENT

This matter comes before the Court on the Receiver's Motion for Approval of Settlement between the Receivership Estate and Mr. Ernest B. Haire, III (the "Motion"). All parties to the above-captioned cases were served with, and had notice of, the Receiver's Motion, and an opportunity to respond.

I.

The Receiver and Mr. Haire entered into a Settlement Agreement[1] addressing certain

---

[1] Capitalized terms not otherwise defined herein have the same meaning as in the Settlement Agreement.

claims between them, and the Court is fully advised, having considered the Motion, all responses filed thereto, the entire record in the above-captioned cases, and the applicable law.

This Court entered judgments in favor of the Securities and Exchange Commission (the "Commission") and against Paul A. Bilzerian ("Bilzerian") on January 28, 1993 and June 25, 1993; found Bilzerian in contempt of those judgments on August 21, 2001; appointed Deborah R. Meshulam as Receiver for the Securities and Exchange Commission v. Paul A. Bilzerian, et al., Civil Action No. 89[]-1854 (SSH) Receivership Estate (the "Receivership Estate") by Order dated December 22, 2000 and amended on March 1, 2001, which Estate is comprised of, *inter alia*, the legal and/or equitable interests (whether direct or indirect, tangible or intangible) of Bilzerian as defined in that Order.

This Court further entered a Final Judgment by Consent (the "Final Judgment") against Terri L. Steffen, Overseas Holding Limited Partnership ("OHLP"), and other Bilzerian-Related Entities on January 16, 2002, which Final Judgment incorporated by reference the Consent and Undertakings by Terri L. Steffen, Overseas Holding Limited Partnership, Overseas Holding Co., Bicoastal Holding Co., Loving Spirit Foundation, Puma Foundation, and Paul A. Bilzerian and Terri L. Steffen 1994 Irrevocable Trust ("Consent and Undertakings") dated December 17, 2001 executed by, *inter alia*, OHLP.

In the Consent and Undertakings, OHLP entered a general appearance in Case No. 89-1854, consented to this Court's jurisdiction over it and the entry of the Final Judgment, and consented to this Court's exclusive jurisdiction for administering and enforcing the terms and conditions of the Final Judgment and the Consent and Undertakings incorporated therein. In the Final Judgment, this Court retained exclusive jurisdiction over the Receivership Estate and the

enforcement and implementation of the Final Judgment and Consent and Undertakings.

This Court further entered a judgment in favor of the Receiver and against Mr. Haire in C.A. No. 02-1221 (RCL) in the amount of $1,326,493.34, plus interest and reasonable costs (including attorneys' fees) incurred by the Receiver in collecting on the $1 Million Note (the "Haire Judgment").

A judgment was entered in favor of Mr. Haire against OHLP (the "OHLP Judgment") in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida in the amount of $2.3 million, which judgment has not been satisfied.

I.

The Court has jurisdiction over this matter pursuant to the Receivership Order, the Final Judgment, and applicable law.

II.

A. Settlement Cash

Mr. Haire shall pay to the Receivership Estate the sum of $250,000.00 currently held in escrow with the Law Offices of Timothy Corcoran, III, P.A., plus interest accrued thereon since January 1, 2006, in the manner provided in the Settlement Agreement.

The Court's Registry currently holds the following funds attributable to Mr. Haire: (i) $69,060 plus interest/earnings accrued thereon that was seized from a safe in Mr. Haire's home by the Federal Bureau of Investigation in July 2001; and (ii) approximately $470,000 (including principal, interest and earnings thereon) in cash collateral resulting from the Receiver's conversion of Cimetrix convertible promissory notes in the original principal amount of $372,000, pursuant to this Court's orders (together, the "Registry Funds"). Mr. Haire shall

3

transfer all of his right, title and interest to the Registry Funds in the manner provided by the Settlement Agreement. Title and ownership in the Registry Funds shall be vested in the Receivership Estate, and any and all claims or interests therein of Mr. Haire, OHLP, or any other party to the Consent, the Final Judgment or the Haire Judgment are hereby extinguished and no longer of any force or effect. The freeze on these funds is hereby lifted, and the Registry is directed to release the Registry Funds to the Receiver for deposit into the account maintained by the Registry for the general funds of the Receivership Estate upon the Receiver's request without further Order of this Court.

B. Settlement Stock

Mr. Haire shall transfer to the Receivership Estate title to and ownership in the 600,942 shares of the common capital stock of Cimetrix Inc. that served as collateral for the $1 Million Note (the "Collateral Stock"). Title and ownership in the Collateral Stock shall be vested in the Receivership Estate and any and all claims or interests in the Collateral Stock of Mr. Haire, OHLP, or any other party to the Consent, the Final Judgment or the Haire Judgment are hereby extinguished and no longer of any force or effect. Mr. Haire shall execute all documents necessary to transfer title to the Collateral

Stock to the Receiver and deliver such documents to the Receiver. The freeze on the Collateral Stock is hereby lifted.

C. Satisfaction of the OHLP Share

OHLP transferred all right, title and interest in the $1 Million Note, Stock Pledge Agreement, related documents and all collateral securing the $1 Million Note to the Receivership Estate, and the Receiver accepted the same on behalf of the Receivership Estate.

OHLP had a contractual right to receive from the Receivership Estate an amount equal to 30% of the net proceeds collected on the $1 Million Note by the Receivership Estate (the "Pro Rata Allocation"). OHLP also had the contractual the right to "opt out" of any litigation commenced by the Receiver as a result of Mr. Haire's default on the $1 Million Note, and, after payment of the Receiver's reasonable attorneys' fees and costs, to receive all amounts due to it up to the amount of the first $300,000 collected from Mr. Haire on the $1 Million Note, plus accrued interest (the "OHLP Share"). OHLP exercised its "opt out" right by letter dated January 16, 2003.

Upon approval and implementation of the Settlement Agreement, the Receivership Estate will collect cash and securities from Mr. Haire in an amount and of a value that will exceed the amount of $300,000 plus the attorneys fees and costs incurred by the Receivership Estate in collection of the same, and the OHLP Share will be due in accordance with the Consent and Undertakings, Final Judgment and Note Assignment.

For purposes of the complete relief granted in this Order,[2] this Court finds that the rate at which interest accrues on the OHLP Share is the interest rate in the original $1 Million Note, 12% per annum, which interest began accruing on the date OHLP exercised the "opt out", January 16, 2003. Accordingly, this Court finds that the interest accrued on the OHLP Share of $300,000 as of June 30, 2006 is $124,372.43, with interest continuing to accrue at a rate of $98.63 per day from July 1, 2006 until entry of a Judgment of Condemnation and Recovery with regard to the OHLP Share satisfying the OHLP Share.

---

[2] The Receiver has reserved her rights with regard to the calculation of the OHLP Share in the event and to the extent that the Settlement is not irrevocably consummated.

5

Pursuant to and as required by the Receivership Order, the filing or registration by Mr. Haire of the OHLP Judgment in the United States District Court for the District of Columbia to be assigned to the Receivership Court and the undersigned Judge Royce C. Lamberth as a related case is hereby authorized. The enforcement by Mr. Haire of the OHLP Judgment in this Court as provided in the Settlement Agreement by filing (i) a Request to File a Foreign Judgment, (ii) a Writ of Attachment, (iii) an Application for Judgment of Condemnation, and (iv) a Proposed Judgment of Condemnation in substantially the same form as those attached as Exhibits to the Receiver's Declaration in Support of the Memorandum in Support of the Motion for Approval of Settlement Between the Receivership Estate and Mr. Haire is hereby authorized. The Receiver and Mr. Haire are further authorized to take all other actions, if any, necessary to effectuate satisfaction of the Haire Judgment and the OHLP Share as provided in the Settlement Agreement.

Upon entry of the Judgment of Condemnation of the OHLP Share, the OHLP Share and any and all obligations of the Receivership Estate and the Receiver with respect to the same will be satisfied, any and all obligations of the Receiver with regard to the OHLP Share will be satisfied and/or extinguished. Further, upon entry of the Judgment of Condemnation of the OHLP Share, the OHLP Judgment will be satisfied to the extent and in the amount of the OHLP Share.

III.

This Court hereby finds that the Settlement Agreement between the Receivership Estate and the Receiver, including the terms provided above, is reasonable, and it is hereby ORDERED that the Settlement Agreement is approved and the Motion is granted.

IV.

The provisions of the Settlement Agreement, which are incorporated by reference, are hereby made orders of this Court. The parties shall perform their obligations under the Settlement Agreement. The Court retains exclusive jurisdiction over the Final Judgment, the Settlement Agreement, and over the Receivership Estate.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, August 17, 2006.